Peck, J.,
dissented.
I dissent from a majority of the court. The act of ■assembly was void, and has been so pronounced. Martin ^demanded the money under a void authority. He could *501 perform no part of the duty for which he claimed this compensation; all his acts under the unconstitutional law were void. 'Williams gave the bond under a mistake of both law .and fact. Whether Martin performed services or not was the fact; what he might legally do, was the law of the case. He had done nothing — Williams had it all to do over again.
Whose money this is (for it is not paid) is a question between Judge Williams and the. State; Martin has no right to demand it of Williams, for if the legislature employed Martin to do an idle thing, it is nothing to the latter, but a question between the employer and him employed. Having no law to sustain him as a judge, Martin stands self-constituted as such, his commission was ■utterly, void; and as he could legally do nothing,'he could not legally have compensation from Williams, who never employed him.
In my opinion the case is for the complainant.
Decree affirmed.